R. ROTH JUDD, Executive Director Ethics Board
You request my opinion on six questions which relate to the degree of confidentiality which attaches to a statement of economic interests which is filed with the Ethics Board by a nominee for appointment to the Investment Board, pursuant to sec.15.76 (2), Stats. On August 9, 1979, Governor Dreyfus nominated Elmer Homburg for appointment to the Investment Board. Homberg has now been confirmed, but two other provisional appointments to vacant positions have been made by Governor Dreyfus and these appointees are awaiting Senate confirmation.
Six members of the Investment Board are "nominated by the governor, and with the advice and consent of the senate" are appointed for fixed terms. Secs. 15.07 (1)(a) and 15.72, Stats. Section 15.76, Stats., provides that the Investment Board shall consist of seven members. One member is the secretary of the Department of Administration or his designee, and one is a member of the state teachers retirement system. Such members are nominated by the Governor from a panel. Four members are appointed pursuant to sec. 15.76 (2), Stats., which provides:
 Four members appointed for staggered 6-year terms, who shall have had at least 10 years' experience in making investments, but any person having a financial interest in or whose employer is primarily a dealer or broker in securities or mortgage or real estate investments is not eligible for appointment, and any member who acquires such an interest or accepts such appointment shall thereupon vacate his membership.
Sections 19.41-19.58, Stats., comprise the Code of Ethics for state public officials. Appointive members of the Investment Board are "official[s] required to file . . . statement[s] ofeconomic interests" by reason of secs. 19.42 (10) (c), 19.43 (1) and (2), Stats., and "quarterly report[s] of economictransactions" with the Ethics Board by reason of sec. 19.43 (5), Stats. A nominee is required to file a statement of economic interests. Section 19.42(9). Stats., states that "`[n]ominee' means any person who is nominated by the governor for *Page 380 
appointment to a state public office and whose nomination requires the advice and consent of the senate."
 1. Must the Ethics Board forward copies of the nominee's Statement of Economic Interests to members of the committee of the senate to which the nomination is referred?
The answer is yes. Specific language in sec. 19.43, Stats., requires transmittal of the entire statement within a reasonable time after it is filed with the Ethics Board. Section 19.43 (3), Stats., provides:
 A nominee shall file a statement of economic interests with the board as per the date he or she was nominated within 21 days of being nominated unless the nominee has previously filed a statement of economic interests with the board during that year. Following the receipt of a nominee's statement of economic interests, the board shall forward copies of such statement to the members of the committee of the senate to which the nomination is referred.
 2. Is the nominee's Statement of Economic Interests in the Ethics Board's possession open to public inspection?
Section 19.55 (1) and (2)(c), Stats., provides:
 (1) Except as provided in sub. (2), all records in the possession of the board are open to public inspection at all reasonable times. . . .
 (2) Notwithstanding s. 19.21, the following records in the board's possession are not open for public inspection:
. . . .
 (c) Statements of economic interests and reports of economic transactions which are filed with the ethics board by members or employes of the investment board, except that the ethics board shall refer statements and reports filed by such persons to the legislative audit bureau for its review, and except that a statement of economic interests filed by a member or employe of the investment board who is also an official required to file shall be open to public inspection.
The Legislature clearly has provided that the statements of members are not open to public inspection. Under sec. 17.20 (2), Stats., "a *Page 381 
provisional appointee may exercise all of the powers and duties of the office to which such person is appointed during the time in which the appointee qualifies." It is my opinion that a provisional appointee is a "member of the investment board" as that term is used in sec. 19.55 (2) (c), Stats., and that his/her statement of economic interests is therefore not open to public inspection. It also follows, in my opinion, that the member's statement is not open to public inspection even if he is a nominee.
It cannot be argued that member-nominees' statements are open to public inspection by reason of the provision in sec. 19.55
(2)(c), Stats., that statements of "an official required to file shall be open to public inspection." Undoubtedly, Investment Board members are public officials, but within this subsection the word "official" relates only to those members who sit on the Investment Board because of their official status in another capacity. Otherwise, the general exception for Investment Board members would be repealed by construction.
It is unlikely that you will confront the situation of a nominee who is not a member. A provisional appointment is possible whenever there is a vacancy. Sec. 17.20 (2), Stats. While the expiration of a term does not create a vacancy under sec. 17.03, Stats., the Governor's office has been following a practice of obtaining resignations from holdovers so a provisional appointment can be made under sec. 17.20 (2), Stats. It is important to recognize that a nomination can be made at a time prior to the expiration of a term in order to secure Senate consideration and approval in a timely fashion. Such a nomination is not a provisional appointment and a nominee to the Investment Board would not be a "member." Under these circumstances the question arises whether such nonmember nominees' statement of economic interests is open to inspection. Because the law is confused on this point and because all current nominees are also provisional appointees and it is likely that future nominees will be appointed to provisional appointments, I decline to answer this question at this time.
I urge the Legislature to consider this question. Current law is in conflict. On the one hand, the statements of nominees to office are open to public inspection. On the other hand. the statements of members of the Investment Board are not open to public inspection. The Legislature has not specifically addressed the apparent paradox. If an *Page 382 
Investment Board nominee's statement is open to public inspection, the subsequent confidentiality once the nominee becomes a member is of no avail. The Legislature may have thought that the nominees' financial status was of particular interest to the public, or it may have simply overlooked the conflict. In any event the question deserves legislative review.
 3. If the nominee's Statement of Economic Interests in the Ethics Board's possession is open to public inspection, does it remain open to public inspection following the nominee's qualification and appointment to office?
This question need not be answered because of my answer to the previous question.
 4. If the nominee's Statement of Economic Interests in the Ethics Board's possession is not open to public inspection but the Ethics Board must refer copies of the Statement to members of the senate committee to which the nomination is referred, what degree of confidentiality, if any, attaches to copies of Statements referred to senators under sec. 19.43
(3), Stats.?
In my opinion a measure of confidentiality attaches to the statement of economic interests of an Investment Board member-nominee when the statement is in the possession of the senate committee, but the extent of that confidentiality rests in the sound discretion of the senate committee.
It is clear that no statute imposes a confidentiality requirement on the statement when it is in the possession of the senate committee. Moreover, any mandated confidentiality would require specific legislation to that effect inasmuch as the important work of senate committees in determining whether to consent to a nomination often requires far-reaching discussion and deliberation by the senators.
Nevertheless, in my opinion there is a sufficiently stated legislative intent that the senate committee should exercise sound discretion before making such statements public. The Legislature already has determined that statements of nominees who are members of the Investment Board are not open to public inspection, albeit while in the possession of the Ethics Board. Senate committees should look to this overall legislative policy determination in the case of Investment Board nominees and weigh it against the need for disclosure in the *Page 383 
responsible discharge of senate committee responsibility. Cf. OAG 74-78.
 5. [I]n the event a member of the Investment Board is nominated for reappointment may the Ethics Board refer the Statement of Economic Interests most recently filed by the member-nominee to the senate committee to which the nomination is referred; and if so, what degree of confidentiality, if any, attaches to the Statements of Economic Interests when in the senators' possession?
 6. Would your replies to any of the foregoing questions differ if, subsequent to the nomination but prior to the Statements being filed with the Ethics Board, the nominee is provisionally appointed to the office for which nominated under sec. 17.20 (2), Stats., and qualifies?
I believe these questions are answered by the foregoing discussion. The Ethics Board is required to refer to the senate committee the statement of economic interests of all Investment Board nominees, including those who presently are members. The extent of confidentiality rests in the sound discretion of the senate committee.
BCL:CDH